# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

EUGENE JAMES HUTCH                                             PLAINTIFF

v.                                                          No. 2:05CV96-M-A

JAMES C. COOKE                                                 DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eugene James Hutch, challenging the conditions of his confinement under 42 U.S.C. § 1983. The plaintiff, a Hawaii state prisoner housed in the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, seeks damages and injunctive relief based upon what he sees as retaliation. The plaintiff, a self-described "Infamous Jailhouse Lawyer," has been prohibited by officials at the Tallahatchie County Correctional Facility from assisting other inmates with their legal matters. When he failed to abide by the prohibition, the staff at the Tallahatchie County Correctional Facility prohibited him from frequenting the law library and took other actions against him, including placing him in isolation for two weeks. In a hearing on the matter, the disciplinary committee found that the plaintiff had received compensation for his legal services; such an arrangement is against prison policy and is forbidden under prison rules. For the reasons set forth below, the instant case shall be dismissed under the "three strikes" provision of 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

## The Plaintiff's Past Indiscretions:
## Numerous "Strikes" Under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g)

The plaintiff has accumulated *far* more than three "strikes" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A prisoner may not bring a civil action or appeal a civil judgment

under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). The plain language of the statute requires the court also to consider all previously dismissed actions, regardless of where the action was dismissed, so long it was dismissed by "a court of the United States." 28 U.S.C. § 1915(g).

Eugene James Hutch has correctly identified himself as an "Infamous[1] Jailhouse Lawyer." He has filed suit in the District Court of Hawaii scores of times, and approximately *fifty* of those suits have been dismissed either as frivolous or otherwise for want of substantive merit. *See e.g., Hutch v. Cayetano*, Civ. No. 95-00417 HG (dismissed October 20, 1998)[2]; *Hutch v. Huddy*, Civ. No. 91-00158 HMF (dismissed February 28, 1992); *Hutch v. Waihee*, Civ. No. 91-00107 HMF (dismissed April 12, 1991)[3]; *Hutch v. City and County of Honolulu*, Civ. No. 91-00066 HMF (dismissed March 8, 1993); *Hutch v. Yoshimoto*, Civ. No. 91-00029 DAE (dismissed April 19, 1991); *Hutch v. Kaulukukui*, Civ. No. 90-00903 DAE (dismissed March 6, 1991); and *Hutch v.*

---

[1]The appropriate definition of "infamous" for the plaintiff's usage in this case can be found in the Oxford English Dictionary (2d Ed. 1989): "held in infamy or public disgrace."

[2]The plaintiff's appeal was dismissed by the Ninth Circuit Court of Appeals on January 25, 1999, for lack of merit.

[3]The dismissal was affirmed by the Ninth Circuit June 16, 1992.

*Department of Corrections*, Civ. No. 90-00378 HMF (dismissed September 19, 1990)[4].

After the plaintiff had accumulated some *fifty* dismissals as frivolous, the District Court of Hawaii issued a warning to him in *Hutch v. Nelson*, Civ. No. 92-00769 DAE.[5] In response to the warning, in 1993, Eugene James Hutch drafted and filed a complaint which he copied and distributed to fifty-nine other prisoners. Hutch's action resulted in sixty identical baseless, delusional, frivolous, and malicious complaints being filed – simultaneously – in the Federal District Court of Hawaii. *Hutch v. Waihee*, Civ. No. 93-00168 ACK, Apr. 13, 1993, Findings and Recommendation to Dismiss Complaint at 6, and the June 14, 1994, final judgment in that case. In its order adopting the magistrate judge's findings and recommendation to dismiss *Hutch v. Waihee*, Civ. No. 93-00168 ACK, the District Court of Hawaii ordered that the Clerk of the Court accept no more pleadings from Eugene James Hutch in any case in which he was not a named party. *Hutch v. Waihee*, Civ. No. 93-00168 ACK. Nearly a decade later, Mr. Hutch resumed drafting complaints for other inmates; those complaints attempted to litigate Mr. Hutch's right to provide legal assistance to other inmates. *Lolohea v. Espinda*, Civ. No. 02-

---

[4]The dismissal was affirmed by the Ninth Circuit May 18, 1993.

[5][1992] *Warning to Plaintiff* [by the Federal District Court of Hawaii]
Filing more than 50 separate actions while acting *pro se* in the last several years and having the vast majority of them dismissed as lacking substance or failing to state a claim, Plaintiff believes that he may freely abuse the judicial system. However, contrary to Plaintiff's statement expressed to the Court in *Hutch v. State of Hawaii*, CV 90-00702 ACK, this Court does not like to play "constitutional games." The Court notes that in the last month, Plaintiff has filed two other complaints and a total of three applications to proceed *in forma pauperis*. *See* 92-00721 ACK and 92-00669 HMF. With the denial of this application, the Court has denied all three *in forma pauperis* applications and has recommended the dismissal of one of the complaints for being frivolous.
This Court will not allow Plaintiff to continue abusing the system. Plaintiff is HEREBY WARNED that this Court has the power to limit the number of Plaintiff's in forma pauperis filings and will do so in the future. *See Franklin v. Murphy*, 745 F.2d 1221 [(9th Cir. 1984)].

00013 DAE-KSC; *Mara v. Espinda*, Civ. No. 02-00003 DAE-LEK; *Kailiehu v. Sakai*, Civ. No. 01-00800 DAE-LEK; *Naone v. Sakai*, Civ. No. 01-00594 DAE-KSC; and *Siamani v. Espinda*, Civ. No. 01-00576 SOM-KSC.

The District Court of Hawaii found that the plaintiff acted with malice and stated a falsehood to the court while under penalty of perjury by filing the civil action *Hutch v. Espinada*, Civ. No. 02-00438 DAE-LEK (attached to the instant opinion as Exhibit A), without divulging (as required in the local form) that many of his previous suits had been dismissed as frivolous. As a result of this finding, the District Court of Hawaii determined that the plaintiff would not have been permitted to proceed *in forma pauperis* even if he "had alleged an immediate danger of serious physical injury." *Id.*

### The Plaintiff's Return To Federal Court

In this case Eugene James Hutch attempts to relitigate whether he may assist other inmates with their legal endeavors. Mr. Hutch seriously abused the legal system during his incarceration in Hawaii – then flaunted the interdiction by the Hawaii Federal District Court in causing sixty frivolous federal lawsuits to be filed there at one time. As a result of that abuse, he has been prohibited from filing suits for other prisoners there – and has "struck out" for the purposes of 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

This court hereby adopts these holdings of the United States District Court for the District of Hawaii. As such, Eugene James Hutch is hereby prohibited from filing suits for other prisoners in this federal district, as well. Further, the court shall rescind the plaintiff's *in forma pauperis* status, as he has "struck out" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g), and was erroneously permitted to proceed as a pauper. The instant case shall therefore be dismissed.

Finally, in light of the plaintiff's outrageous behavior in our sister court in Hawaii, should he file even one meritless case in this jurisdiction, the court shall issue an order for Eugene James Hutch to show cause why he should not be assessed a monetary sanction – and prohibited from filing *any* case in this court until that sanction is paid.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of August, 2005.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**